Gary N. Anderson (0088)
R. Christian Hansen (11449)
**HILLYARD ANDERSON & OLSEN, P.C.**
595 South Riverwoods Parkway, Suite 100
Logan, Utah 84321
Telephone:  (435) 752-2610
Facsimile:  (435) 753-8895
gary@hao-law.com
christian@hao-law.com

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FREIGHT SYSTEMS CO. W.L.L.; GAMA CENTER; and GENOA PLASTIC INDUSTRIES,<br><br>      Plaintiffs,<br><br>vs.<br><br>AL-MORRELL DEVELOPMENT, L.L.C. and PAUL A. MORRELL,<br><br>      Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br><br><br><br><br>Case No.  1:14-cv-00133-TC<br>Honorable Tena Campbell |

Defendants Al-Morrell Development, L.L.C. ("AMD") and Paul A. Morrell ("Mr.

Morrell") (collectively referred to as "Defendants"), for their Answer to the Complaint filed by

Plaintiffs (the "Complaint") state and aver as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1 of the Complaint and therefore deny the same.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore deny the same.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore deny the same.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants admit the allegations in paragraph 5 of the Complaint.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Defendants state the allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required.  Defendants do not contest subject matter jurisdiction.

8.      Defendants state the allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required.  Defendants do not contest venue.

## **GENERAL ALLEGATIONS**

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

10.     Defendants admit the allegations in paragraph 10 of the Complaint.

11.     Defendants admit the allegations in paragraph 11 of the Complaint.

12.     Defendants admit the allegations in paragraph 12 of the Complaint.

13.     Defendants admit the allegations in paragraph 13 of the Complaint.

14.     Defendants admit the allegations in paragraph 14 of the Complaint.

15.     Defendants admit the allegations in paragraph 15 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 concerning the location of the Plaintiffs and therefore deny the same.  Defendants deny Plaintiffs have done business with Mr. Morrell.

17.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore deny the same.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore deny the same.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants admit the allegations in paragraph 22 of the Complaint.

23.     Defendants admit the allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants admit the allegations in paragraph 25 of the Complaint.

26.     Defendants state the allegations in paragraph 26 refer to written Articles of Organization for Morrell International which speak for themselves.  Any mischaracterization of the Articles of Organization is denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and therefore deny the same.

27.     Defendants admit the allegations in paragraph 27 of the Complaint.

28.     Defendants admit the allegations in paragraph 28 of the Complaint.

29.     Defendants admit the allegations in paragraph 29 of the Complaint.

30.     Defendants admit the allegations in paragraph 30 of the Complaint.

31.     Defendants state the allegations in paragraph 31 of the Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore deny the same.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore deny the same.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore deny the same.

35.     Defendants admit the allegations in paragraph 35 of the Complaint.

36.     Defendants admit the allegations in paragraph 36 of the Complaint.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract – Global Freight v. AMD)

37.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-36 of their Answer.

38.     AMD states the allegations in paragraph 38 of the Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell states the allegations in paragraph 38 of the Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.

39.     AMD states the allegations in paragraph 39 of the Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.  The

allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, states the allegations in paragraph 39 of the Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.

40.     AMD states the allegations in paragraph 40 of the Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell states the allegations in paragraph 40 of the Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.

41.     AMD denies the allegations in paragraph 41 of the Complaint.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 41 of the Complaint.

42.     AMD denies the allegations in paragraph 42 of the Complaint.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 42 of the Complaint.

43.     AMD admits that Mr. Morrell was contacted by an attorney for Global Freight one time on its behalf making a demand for payment but otherwise denies the allegations in paragraph 43 of the Complaint.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from

Mr. Morrell, Mr. Morrell admits he was contacted on one occasion by an attorney for Global Freight making a demand for payment from AMD but otherwise denies the allegations in paragraph 43.

44.     AMD denies the allegations in paragraph 44 of the Complaint.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 44 of the Complaint.

45.     AMD denies the allegations in paragraph 45 of the Complaint.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 45 of the Complaint.

46.     AMD denies the allegations in paragraph 46 of the Complaint.  The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 46 of the Complaint.

WHEREFORE, having fully answered the First Claim for Relief, Defendants respectfully requests this Court dismiss the First Claim for Relief, with prejudice, and award judgment in favor of AMD, along with AMD's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(Breach of Contract/Payment of Account – Gama v. AMD)

47.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-46 of their Answer.

48.     AMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies the same.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies the same.

49.     AMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies the same.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies the same.

50.     AMD denies the allegations in paragraph 50 of the Complaint.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 50 of the Complaint.

51.     AMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies the same.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies the same.

52.    AMD denies the allegations in paragraph 52 of the Complaint.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 52 of the Complaint.

53.    AMD denies the allegations in paragraph 53 of the Complaint.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 53 of the Complaint.

54.    AMD denies the allegations in paragraph 54 of the Complaint.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 54 of the Complaint.

55.    AMD denies the allegations in paragraph 55 of the Complaint.  The allegations in the Second Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 55 of the Complaint.

WHEREFORE, having fully answered the Second Claim for Relief, Defendants respectfully requests this Court dismiss the Second Claim for Relief, with prejudice, and award judgment in favor of AMD, along with AMD's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
(Breach of Contract/Payment of Account – Genoa v. AMD)

56.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-55 of their Answer.

57.     AMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies the same.  The allegations in the Third Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies the same.

58.     AMD denies the allegations in paragraph 58 of the Complaint.  The allegations in the Third Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 58 of the Complaint.

59.     AMD denies the allegations in paragraph 59 of the Complaint.  The allegations in the Third Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 59 of the Complaint.

60.     AMD denies the allegations in paragraph 60 of the Complaint.  The allegations in the Third Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 60 of the Complaint.

61.     AMD denies the allegations in paragraph 61 of the Complaint.  The allegations in the Third Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 61 of the Complaint.

62.     AMD denies the allegations in paragraph 62 of the Complaint.  The allegations in the Third Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 62 of the Complaint.

WHEREFORE, having fully answered the Third Claim for Relief, AMD respectfully requests this Court dismiss the Third Claim for Relief, with prejudice, and award judgment in favor of AMD, along with AMD's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(Unjust Enrichment – AMD)

63.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-62 of their Answer.

64.     AMD denies the allegations in paragraph 64 of the Complaint.  The allegations in the Fourth Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 64 of the Complaint.

65.     AMD denies the allegations in paragraph 65 of the Complaint.  The allegations in the Fourth Claim for Relief do not state a claim against Mr. Morrell and no response is required

from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 65 of the Complaint.

66.     AMD denies the allegations in paragraph 66 of the Complaint.  The allegations in the Fourth Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  If a response is required from Mr. Morrell, Mr. Morrell denies the allegations in paragraph 66 of the Complaint.

WHEREFORE, having fully answered Plaintiffs' Fourth Claim for Relief, AMD respectfully requests this Court dismiss Plaintiffs' Fourth Claim for Relief, with prejudice, and award judgment in favor of AMD, along with AMD's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(Fraud – Paul Morrell)

67.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-66 of their Answer.

68.     Mr. Morrell denies the allegations in paragraph 68 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from Mr. AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 68 of the Complaint.

69.     Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore denies the same.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore denies the same.

70.     Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore denies the same.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore denies the same.

71.     Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies the same.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies the same.

72.     Mr. Morrell denies the allegations in paragraph 72 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 72 of the Complaint.

73.     Mr. Morrell denies the allegations in paragraph 73 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 73 of the Complaint.

74.     Mr. Morrell denies the allegations in paragraph 74 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 74 of the Complaint.

75.     Mr. Morrell denies the allegations in paragraph 75 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 75 of the Complaint.

76.     Mr. Morrell denies the allegations in paragraph 76 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 76 of the Complaint.

77.     Mr. Morrell denies the allegations in paragraph 77 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 77 of the Complaint.

78.     Mr. Morrell denies the allegations in paragraph 78 of the Complaint.  The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 78 of the Complaint.

WHEREFORE, having fully answered Plaintiffs' Fifth Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiffs' Fifth Claim for Relief, with prejudice, and

award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
(Breach of Contract; Assumed Liability – Paul Morrell)

79.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-78 of their Answer.

80.     Mr. Morrell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies the same.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies the same.

81.     Mr. Morrell denies the allegations in paragraph 81 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 81 of the Complaint.

82.     Mr. Morrell denies the allegations in paragraph 82 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 82 of the Complaint.

83.     Mr. Morrell denies the allegations in paragraph 83 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is

required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 83 of the Complaint.

84.     Mr. Morrell denies the allegations in paragraph 84 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 84 of the Complaint.

85.     Mr. Morrell denies the allegations in paragraph 85 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 85 of the Complaint.

86.     Mr. Morrell denies the allegations in paragraph 86 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 86 of the Complaint.

87.     Mr. Morrell denies the allegations in paragraph 87 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 87 of the Complaint.

88.     Mr. Morrell denies the allegations in paragraph 88 of the Complaint.  The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 88 of the Complaint.

WHEREFORE, having fully answered Plaintiffs' Sixth Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiffs' Sixth Claim for Relief, with prejudice, and award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Personal Liability for Fraudulent Transfer – Paul Morrell)

89.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-88 of their Answer.

90.     Mr. Morrell denies the allegations in paragraph 90 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 90 of the Complaint.

91.     Mr. Morrell admits that on January 1, 2012 AMD transferred its assets and liabilities to Bright Pearl but denies all other allegations in paragraph 91 of the Complaint. The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD admits that on January 1, 2012 AMD transferred its assets and liabilities to Bright Pearl but denies all other allegations in paragraph 91 of the Complaint.

92.     Mr. Morrell denies the allegations in paragraph 92 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 92 of the Complaint.

93.     Mr. Morrell denies the allegations in paragraph 93 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 93 of the Complaint.

94.     Mr. Morrell denies the allegations in paragraph 94 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 94 of the Complaint.

95.     Mr. Morrell denies the allegations in paragraph 95 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 95 of the Complaint.

96.     Mr. Morrell denies the allegations in paragraph 96 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 96 of the Complaint.

97.     Mr. Morrell denies the allegations in paragraph 97 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 97 of the Complaint.

98.     Mr. Morrell denies the allegations in paragraph 98 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is

required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 98 of the Complaint.

99.      Mr. Morrell denies the allegations in paragraph 99 of the Complaint.  The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 99 of the Complaint.

WHEREFORE, having fully answered Plaintiffs' Seventh Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiffs' Seventh Claim for Relief, with prejudice, and award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (Civil Conspiracy – Paul Morrell)

100.      Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-99 of their Answer.

101.      Mr. Morrell denies the allegations in paragraph 101 of the Complaint.  The allegations in the Eighth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 101 of the Complaint.

102.      Mr. Morrell denies the allegations in paragraph 102 of the Complaint.  The allegations in the Eighth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 102 of the Complaint.

103.    Mr. Morrell denies the allegations in paragraph 103 of the Complaint.  The allegations in the Eighth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 103 of the Complaint.

104.    Mr. Morrell denies the allegations in paragraph 104 of the Complaint.  The allegations in the Eighth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 104 of the Complaint.

105.    Mr. Morrell denies the allegations in paragraph 105 of the Complaint.  The allegations in the Eighth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 105 of the Complaint.

106.    Mr. Morrell denies the allegations in paragraph 106 of the Complaint.  The allegations in the Eighth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 106 of the Complaint.

WHEREFORE, having fully answered Plaintiffs' Eighth Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiffs' Eighth Claim for Relief, with prejudice, and award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## **DEFENSES**

1.    Defendants deny each and every allegation not specifically admitted herein.

2.      Plaintiffs' Complaint fails to state a claim for which relief can be granted.

3.      Plaintiffs' Complaint is barred by their own material breach and/or wrongful conduct regarding any contract and agreements.

4.      Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, latches, ratification, consent, unjust enrichment, accord, satisfaction, novation and release.

5.      Plaintiffs' Complaint is barred because Plaintiffs did not suffer any damages.

6.      Plaintiffs' Complaint in whole or in part is barred by the statute of frauds.

7.      Plaintiffs' claim for fraudulent transfer is barred because the Bright Pearl Transfer was made in good faith and for reasonably equivalent value.

8.      Plaintiffs' Complaint is barred by their own conduct, or the conduct of their agents, representatives, and consultants.

9.      To the extent Plaintiffs suffered damages, which Defendants deny, Plaintiffs' Complaint is barred by Plaintiffs' failure to mitigate any alleged damages.

10.      Plaintiffs' claims based in fraud are barred because Plaintiffs have failed to plead fraud with particularity.

11.      Plaintiffs are not entitled to punitive damages as there is no evidence or allegations to suggest the acts or omissions of the alleged tortfeasor are the result of willful or malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

12.      Defendants reserve the right to assert additional defenses as this matter progresses.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request this Court dismiss the Complaint, with prejudice, and award judgment in favor of Defendants, along with Defendants' costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

DATED the 20th day of November, 2014.

Respectfully submitted,

HILLYARD, ANDERSON & OLSEN, P.C.

/s/ R. Christian Hansen
Gary N. Anderson
R. Christian Hansen
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James S. Lowrie
George W. Pratt
Jessica P. Wilde
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101

ATTORNEYS FOR PLAINTIFFS

/s/ R. Christian Hansen