James S. Lowrie (USB #2007)
Jessica P. Wilde (USB #11801)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
jlowrie@joneswaldo.com
jwilde@joneswaldo.com

*Attorneys for Plaintiff Global Freight Systems Co. W.L.L.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FREIGHT SYSTEMS CO. W.L.L.; GAMA CENTER; and GENOA PLASTIC INDUSTRIES, | DECLARATION OF HASSAN ESSA |
| Plaintiffs, | Case No. 1:14-cv-00133-TC |
| vs. | Honorable Tena Campbell |
| AL-MORRELL DEVELOPMENT, L.L.C. and PAUL A. MORRELL, | |
| Defendants. | |

Hassan Essa, being duly sworn, deposes and says:

1.  I am an attorney licensed to practice law in Kuwait and have done so for Forty(40) years. As such, I have knowledge regarding the Kuwait's laws pertaining to contract and commercial law.

2.  Specifically, I am familiar with Kuwait's Civil Laws.

3.  I have been asked by plaintiff Global Freight Systems Co. W.L.L.'s legal counsel, located in Salt Lake City, Utah, to verify that under Kuwait law a prevailing party to a contract claim is entitled to recover its attorney fees.

4.  In Kuwait, if a party brings an action against another party for breach of a contract, the successful or prevailing party is entitled to recover attorney fees.

5.  This attorney-fee-statute is set forth in Article 119 of the Kuwait Civil Laws. Article 119 states:

> The Court, upon the pronouncement of the judgment terminating the litigation therefore, must decide of its own accord the expenses of the case, which shall be – including legal practice – decided against the adjudicated litigant in the case.
>
> . . .
>
> The court shall estimate the attorney's fees upon the request of the person ruled for his benefit, within the limits of his claims, in the light of the actual fees that he bore, and in consideration with the case's merits and the judiciary degree viewed before.

6.  I am fluent in Arabic and English and can verify that the above English translation of Article 119 is correct.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

EXECUTED this 31 day of May, 2015.

_Hussain Hassan_ أسد
Hassan Essa

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of June, 2015, I caused a true and correct copy of the foregoing **Declaration of Hassan Essa** to be served via the court's electronic filing system to the following:

Gary N. Anderson
gary@jao-law.com
R. Christian Hansen
christian@hao-law.com
Hillyard Anderson & Olsen, P.C.
595 South Riverwoods Parkway, Suite 100
Logan, Utah 84321

/s/ Emily Christensen, legal assistant