IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| GLOBAL FREIGHT SYSTEMS CO., W.L.L.; GAMA CENTER; and GENOA PLASTIC INDUSTRIES,<br><br>Plaintiffs,<br><br>vs.<br><br>AL- MORRELL DEVELOPMENT, L.L.C. and PAUL A. MORRELL,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:14-CV-133-TC |

Defendant Al-Morrell Development, L.L.C. (AMD), a Utah company, was awarded a contract by the United States government to supply water to the United States military and to civilians in Iraq. AMD then agreed with Plaintiff Global Freight Systems Co. W.L.L. (Global Freight), a Kuwait company, that Global Freight would transport the water in Kuwait and Iraq. Global Freight contends that even though it fulfilled its obligations under the agreement, AMD breached the agreement because it failed to pay Global Freight the amount Global Freight was owed under the agreement. Global Freight brought this diversity lawsuit to recover the amount it claims that AMD owes to Global Freight, including attorney's fees. Global Freight seeks partial summary judgment against AMD. The court agrees that AMD breached the agreement and grants Global Freight's motion for partial summary judgment.

**FACTUAL BACKGROUND**

Global Freight and AMD signed an agreement, the Service Provider Agreement, in July 2011.  (Service Provider Agreement, Ex. A to Decl. of Anthony Dsouza, ECF No. 18.)  Global Freight agreed that it would deliver water to members of the United States military and to civilians in Iraq and Kuwait for one year.  AMD agreed to pay Global Freight for its work.  Global Freight fully performed its obligations under the agreement.  But beginning in October 2011, AMD stopped paying Global Freight.  (Dsouza Decl. ¶ 12.)  The unpaid amount is $248,675.  (Id. ¶ 14.)

In January 2012, AMD sold its assets to an Iraqi entity named Bright Pearl.  (Decl. of Paul A. Morrell ¶ 9, ECF No. 24.)[1]  Global Freight was not a party to the sale agreement and there is no evidence about when Global Freight learned of the sale.

**ANALYSIS**

Federal Rule of Civil Procedure 56 permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986). Further, the court must draw all reasonable inferences in favor of the nonmoving party when examining the record.  Anderson, 477 U.S. at 250. While Global Freight bears the burden of demonstrating there are no material facts upon which a jury could find for AMD, AMD's burden is to establish a genuine issue for trial. See Celotex Corp. v.

---

[1]Global Freight raised several evidentiary objections to Mr. Morrell's declaration.  The court denies them.

Catrett, 477 U.S. 317, 322-23 (1986).  But "a mere scintilla of evidence supporting the nonmoving party theory does not create a genuine issue of material fact." Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999) (emphasis added).

In its written opposition to Global Freight's motion, AMD raised several defenses.  But at oral argument, counsel for AMD informed the court that AMD was relying only on its contention that once it sold its assets to Bright Pearl, Bright Pearl received the benefit of Global Freight's services and Bright Pearl, not AMD, was obligated to pay any money owed to Global Freight.

AMD's argument is contrary to the well-settled principle of contract law "that an obligor cannot free itself of contractually created duties by delegating them to another, without the consent of the persons to whom it is obligated." Old West Annuity & Life Ins. Co. v. Progressive Closing & Escrows, Inc., 74 Fed. Appx.4, *8, 2003 WL 21872555 (10th Cir. 2003) (internal citations omitted).  Global Freight did not consent to Bright Pearl taking over AMD's duty to pay Global Freight.  In fact, it appears that Global Freight was unaware during the life of its agreement with AMD that Bright Pearl existed.  AMD was required by the agreement to pay Global Freight for its services.  AMD breached the agreement when it failed to do so.

Global Freight has also asked for an award of attorney's fees.  Global Freight has submitted the declaration of a Kuwait attorney who states that the prevailing party in a breach of contract case is entitled to recover attorney fees. (Decl. of Hassan Essa, ¶ 4, ECF No. 17.)  AMD does not dispute that Kuwait law applies on this issue or that under Kuwait law, the prevailing party is entitled to an award of attorney's fees.  AMD argues that if an award is made to Global Freight, AMD should have the opportunity to review, and contest, if warranted, the amount Global Freight claims.  The court agrees.  Accordingly, a briefing schedule is set forth below.

**<u>ORDER</u>**

For the foregoing reasons, Global Freight's Motion for Partial Summary Judgment (ECF No. 16) is GRANTED. No later than Monday, September 28, 2015, Global Freight must submit a sworn affidavit and any other relevant documentation to the court listing the amount of fees and costs it seeks to recover. Defendant Al-Morrell Development may respond to Global Freight's petition for attorneys' fees and costs, in writing, no later than Monday, October 12, 2015. If Global Freight wishes to reply to AMD's response, it must do so no later than Monday, October 19, 2015.

SO ORDERED this 14th day of September, 2015.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge