Gary N. Anderson (0088)
R. Christian Hansen (11449)
**HILLYARD ANDERSON & OLSEN, P.C.**
595 South Riverwoods Parkway, Suite 100
Logan, Utah 84321
Telephone:  (435) 752-2610
Facsimile:  (435) 753-8895
gary@hao-law.com
christian@hao-law.com

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FREIGHT SYSTEMS CO. W.L.L.; GAMA CENTER; and GENOA PLASTIC INDUSTRIES,<br><br>       Plaintiffs,<br><br>vs.<br><br>AL-MORRELL DEVELOPMENT, L.L.C. and PAUL A. MORRELL,<br><br>       Defendants. | **DEFENDANT AL-MORRELL DEVELOPMENT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF GLOBAL FREIGHT SYSTEMS CO. W.L.L.'S REQUEST FOR ATTORNEY FEES**<br><br><br><br>Case No.  1:14-cv-00133-TC<br>Honorable Tena Campbell |

Defendant, Al-Morrell Development, LLC ("AMD"), responds as follows to Plaintiff

Global Freight Systems Co. W.L.L.'s ("Global Freight") request for attorney fees:

### BACKGROUND/PROCEDURAL HISTORY

1.      Global Freight initiated this action by filing a Complaint against AMD and Paul

Morrell on October 21, 2014.  Two other entities, Gama Center and Genoa Plastic Industries,

joined in the filing of the Complaint against AMD and Paul Morrell but have since had their claims resolved.

2. On June 2, 2015, Global Freight filed a Motion for Partial Summary Judgment against AMD. With its motion Global Freight sought summary judgment on its first claim for relief for breach of contract.

3. AMD filed a Memorandum in Opposition to Global Freight's Motion for Partial Summary Judgment on June 30, 2015.

4. On July 17, 2015, Global Freight filed a Reply Memorandum in support of its Motion for Summary Judgment.

5. In an Order and Memorandum Decision dated September 14, 2015, the Court granted Global Freight's Motion for Partial Summary Judgment and set a briefing schedule to address Global Freight's request for attorney fees.

6. The Complaint filed in this matter contains eight claims for relief. Global Freight has prevailed on its first claim for relief against AMD for breach of contract. The second and third claims for relief were resolved when Defendants reached agreements with Gama Center and Genoa Plastic Industries. The fourth claim for relief for unjust enrichment is no longer at issue as it was plead as an alternative claim for relief in the event in the event Global Freight did not prevail on its breach of contract claim. Claims five through eight seek relief from Paul Morrell. Claims five through eight have not been resolved and litigation of those claims is ongoing.

**ARGUMENT**

AMD does not dispute that Kuwait law applies to Global Freight's claim for breach of contract under a conflict of laws analysis.  As cited by Global Freight in its Motion for Partial Summary Judgment Article 119 of the Kuwait Civil Law states the following with regard to an award of attorney fees:

> The Court, upon the pronouncement of the judgment terminating the litigation therebefore, must decide of its own accord the expense of the case, which shall be – including legal practice – decided against the adjudicated litigant in the case.  If the adjudicated persons are numerous, it shall decide the division of the expenses among them in proportion to the interest of each in the case as estimated by the Court.  They shall not be jointly obligated in the expenses unless they are joint in their original adjudicated obligation.
>
> …
>
> The Court shall estimate the attorney's fees upon the request of the persons ruled for his benefit, within the limits of his claims, in the light of the actual fees that he bore, and in consideration with the case's merits and the judiciary degree viewed before.

(*See* Exhibit "1" to Plaintiff Global Freight System Co. W.L.L.'s Motion for Partial Summary Judgment Against Al-Morrell Development, L.L.C. and Supporting Memorandum, ECF No. 16).

Kuwait law only allows for an award of attorney fees upon the pronouncement of judgment terminating the litigation.  An award of attorney fees under Kuwait law to the prevailing party is to be within the limits of the prevailing party's claims.  It could be argued that it is premature to award attorney fees to Global Freight because the litigation has not terminated.  Termination of the litigation in its entirety allows the Court to better analyze who prevailed because all causes of action have been adjudicated.  That being said, AMD realizes that all claims against AMD have been adjudicated and the Court may deem it appropriate to address Global Freight's request for fees as it relates to its breach of contract claim.

If the Court determines it is appropriate to address Global Freight's claim for fees at this time, Global Freight should only recover fees related to litigation of the breach of contract claim. The Order and Memorandum Decision issued by the Court on September 14, 2015, only adjudicated Global Freight's claim for breach of contract against AMD.  Global Freight's claims against Paul Morrell have not been adjudicated and it has not been determined who is the prevailing party on those claims or if Kuwait law applies to those claims.

In reviewing the declarations filed by Ms. Wilde and Mr. Altman, it does not appear that Global Freight has made any attempt to allocate its attorney fees and costs between the breach of contract claim it prevailed upon, and the other claims contained in the Complaint.  For example, there are numerous time entries by counsel for Global Freight between September 2, 2014 and October 14, 2014 that deal with drafting the Complaint and conducting research associated with the Complaint.  All fees incurred by Global Freight in drafting the Complaint should not be assessed to AMD.  The Complaint contains claims for relief for parties other than Global Freight and contains claims for relief against another defendant in Paul Morrell.  Further, in reviewing the time entries during this period, much of the research focused on pursuing claims against Paul Morrell and his potential liability under theories of successor liability, tortious interference with contract, bad faith breach of contract, fraud, fraudulent transfer, etc.

Attorney fees related to Global Freight's 30(b)(6) deposition which took place on September 23, 2015, should not be recoverable by Global Freight as the deposition took place after the Court ruled in Global Freight's favor on the breach of contract claim.  Consequently, the deposition of Global Freight focused on Global Freight's claims against Paul Morrell as opposed to AMD.  Fees related to the deposition of Paul Morrell should be allocated according to the

underlying claims as Mr. Morrell testified as a 30(b)(6) witness on behalf of AMD and in his individual capacity.

AMD cites the examples above to demonstrate it would be inappropriate for the Court to award Global Freight all of the fees and costs it is requesting.  AMD does not have the ability to interpret each time entry submitted by Global Freight's counsel and determine what is related to the breach of contract claim and what is related to Global Freight's other claims.  It is apparent Global Freight has included fees and costs associated with claims for relief other than the breach of contract claim.  Ultimately it is the responsibility of Global Freight and its counsel to properly allocate its fees according to its underlying claims.  Because Global Freight has failed to properly allocate its requested fees and costs to the breach of contract claim the Court should deny Global Freight's request for fees, or at a minimum, require Global Freight to resubmit its fees and limit the request to fees incurred in litigating the breach of contract claim.

Finally, it has not been determined, and Defendants do not concede, that Kuwait law applies to the claims asserted against Paul Morrell.  Global Freight relied upon Utah law in asserting its claim for fraudulent transfer against Paul Morrell.  Arguably Utah law should apply to all claims asserted against Mr. Morrell.  Global Freight is only entitled to attorney fees under Kuwait law.  Because it has not been determined that Kuwait law applies to the claims asserted against Mr. Morrell, it would be inappropriate for the Court to award attorney fees Global Freight has incurred litigating the claims against Paul Morrell.

## CONCLUSION

The Order and Memorandum Decision issued by the Court on September 14, 2015, only adjudicated Global Freight's breach of contract claim.  Consequently, pursuant to Kuwait law

any award of fees must be limited to fees incurred litigating Global Freight's claim for breach of contract. It is evident in reviewing the declarations of Ms. Wilde and Mr. Altman that Global Freight has included in its request for fees, fees that are unrelated to the breach of contract claim. Because it has not been determined that Kuwait law applies to the claims asserted against Mr. Morrell, it would be inappropriate at this juncture of the litigation to award attorney fees for efforts expended in litigating the claims against Mr. Morrell. Because Global Freight has not properly allocated its fees the Court should deny Global Freight's request for fees or in the alternative require Global Freight to re-submit its request for fees after properly allocating them to the breach of contract claim.

DATED this 12th day of October, 2015.

Respectfully submitted,

HILLYARD, ANDERSON & OLSEN, P.C.

/s/ R. Christian Hansen

Gary N. Anderson
R. Christian Hansen
ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of October, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James S. Lowrie
George W. Pratt
Jessica P. Wilde
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101

ATTORNEYS FOR PLAINTIFFS

/s/ R. Christian Hansen