James S. Lowrie (USB #2007)
Jessica P. Wilde (USB #11801)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
*jlowrie@joneswaldo.com*
*jwilde@joneswaldo.com*

*Attorneys for Plaintiff Global Freight Systems Co. W.L.L.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FREIGHT SYSTEMS CO. W.L.L.; GAMA CENTER; and GENOA PLASTIC INDUSTRIES, <br><br> Plaintiffs, <br><br> vs. <br><br> AL-MORRELL DEVELOPMENT, L.L.C. and PAUL A. MORRELL, <br><br> Defendants. | **REPLY MEMORANDUM IN SUPPORT OF GLOBAL FREIGHT SYSTEMS CO. W.L.L.'S VERIFICATION OF ITS ATTORNEY FEES AS SET FORTH IN THE DECLARATION OF JESSICA P. WILDE** <br><br> Case No. 1:14-cv-00133-TC <br><br> Honorable Tena Campbell |

Plaintiff Global Freight Systems Co. W.L.L. ("Global Freight") files this reply memorandum in support of its request for and verification of attorney fees and costs against defendant Al-Morrell Development, L.L.C. ("AMD"), and in response to Defendant Al-Morrell Development's Memorandum in Opposition to Plaintiff Global Freight System Co. W.L.L.'s Request for Attorney Fees [Dkt. 40].

## INTRODUCTION

AMD makes three arguments in response to Global Freight's request for an award of attorney fees and costs in the amount of $77,580.16. Specifically, in its memorandum AMD

argues that: (1) Global Freight's request for an award of attorney fees is premature, under Kuwait law; (2) Global Freight cannot recover fees related to drafting the Complaint for claims other than its breach of contract claim against AMD; and (3) Global Freight cannot recover fees incurred for the Rule 30(b)(6) deposition of Global Freight. Global Freight will address each of these arguments.

## ARGUMENT

### I.   Global Freight Should Be Able to Obtain an Award of Fees Now.

In its memorandum in opposition to Global Freight's motion for partial summary judgment against AMD, AMD did not argue that it was premature to obtain an award for attorney fees. *See* Dkt. 23. (Global Freight it was entitled to an award of fees if it prevailed on its motion against AMD. *See* Dkt. 16.) AMD has therefore waived its argument that Global Freight must wait until a final judgment is entered before obtaining a fee award, because Article 119 of Kuwait Civil Law provides that the court must award fees "upon the pronouncement of the judgment terminating the litigation."

Global Freight's counsel is unaware of case law interpreting this Kuwait law; however, there is nothing specifically in the statute that accounts for the circumstances here—when there are outstanding claims and other defendants. It appears to Global Freight that the purpose of this rule is to ensure finality with respect to adjudicating a plaintiff's claim(s) against the defendant, before a fee award is made. Here, Global Freight's breach of contract claim was disposed of in the Court's September 14, 2015 Order and Memorandum Decision (the "Decision"), and in that decision, the Court awarded Global Freight is fees and costs, to be established by affidavit. *See* Dkt. 35. There has been finality with respect to this claim and there is no reason to delay awarding fees and costs to Global Freight against AMD. The Court should treat its Decision as final and, if necessary, request that Global Freight file a Rule 54(d) motion to certify the judgment as final.

## II.  Global Freight Is Willing to Reduce Fees Incurred in Drafting the Complaint.

The fees that were incurred by Global Freight in researching issues pertaining to the various claims against the defendants, and drafting the Complaint, include time specifically related to claims for relief against defendant Paul Morrell, and not AMD.  Global Freight estimates that at most approximately $13,500 was incurred, beginning September 2, 2014 and through October 14, 2014, as a result of the research related to the Complaint and drafting of the Complaint.  Of this amount, Global Freight was responsible for one-half of this amount: $6,750.[1]  Global Freight will reduce this amount by 90%—representing the work incurred related to claims other than its breach of contract claim against AMD.  Accordingly, Global Freight seeks an award of $675 related to the Complaint, and will reduce its fee request in the amount of $6,075.  Global Freight finds this reduction generous.

## III.  Global Freight Is Entitled to Recover Fees for Its 30(b)(6) Deposition.

AMD's argument that Global Freight may not recover fees related to the 30(b)(6) deposition of Global Freight should be rejected.  On August 19, 2015, AMD served on Global Freight a Rule 30(b)(6) notice of deposition of Global Freight (the "30(b)(6) Notice"), a copy of which is attached as Exhibit A.  The deposition was scheduled on September, 23, 2015, and required a representative of Global Freight to travel from Kuwait to Salt Lake City, Utah.  There are 13 "Topics on Which Examination May be Taken" and all of them, except for one of them, relate in some way to Global Freight's breach of contract claim against AMD and AMD's defenses to its claim, as set forth in AMD's memorandum in opposition to Global Freight's motion for partial summary judgment.  *See* Notice, p. 2, Exhibit A; *see also* Dkt. 23.  For example, in the 30(b)(6) Notice, AMD sought information regarding the formation of the

---

[1] *See* Declaration of Jessica P. Wilde, ¶ 14 ("Global Freight was responsible for ½ of the fees and costs; Gama was responsible for ¼ of the fees and costs; and Genoa was responsible for ¼ of the fees and costs.").

1210257.1

contract, the services provided to AMD, payments by AMD to Global Freight, and the services provided to Bright Pearl. *See id.*

The hearing on AMD's motion for partial summary judgment was subsequently held on September 1, 2015. Then, on September 14, 2015, the Court issued its Decision, granting summary judgment in Global Freight's favor.

Thereafter Global Freight's counsel inquired whether AMD still intended to depose Global Freight (scheduled shortly after the Decision was entered), and AMD answered in the affirmative. AMD, however, did not amend the 30(b)(6) Notice to exclude any topics related to Global Freight's breach of contract claim. Anthony Dsouza, a representative of Global Freight and its 30(b)(6) witness, traveled from Kuwait and was deposed on September 23, 2015. AMD's counsel introduced himself as "the attorney for Al-Morrell Development." Transcript of Deposition of Anthony Dsouza, 4:13, attached as Exhibit B. During the deposition, Mr. Dsouza was asked several questions related to the parties' agreement, the formation of the agreement, the services provided to AMD, payment by AMD, and other topics related to Global Freight's breach of contract claim against AMD. *See* Transcript of Deposition of Anthony Dsouza, Exhibit B.

Global Freight was required to incur attorney fees for its deposition and those fees should be included in a fee award.

IV. **Aside from the Exclusion of $6,075, There Should be No Further Reduction in an Award for Fees and Costs.**

Without citing any authority (whether under Kuwait law or local Utah law), AMD contends that Global Freight's fee request should be denied in its entirety because it has not allocated fees incurred for litigating the breach of contract claim and all other claims. And, aside from referring generally to the work related to the drafting of the Complaint and Global Freight's deposition, AMD does not point to any specific billing entries should not be included in a fee

1210257.1

award. No further reduction should be made, therefore, in awarding Global Freight its fees and costs.

A careful review of the attorney fee ledger attached to the Declaration of Jessica P. Wilde [Dkt. 38] as Exhibit A, shows that the tasks performed by Global Freight's counsel relate to all claims and defenses by the plaintiffs and the defendants. Further, aside from the reduction granted above, in Global Freight's counsel's opinion, Global Freight's course of action and work of its counsel in this lawsuit would not vary in any meaningful way, if Global Freight had excluded claims against defendant Paul Morrell.

Finally, the defendants' defenses—namely, that Paul Morrell decided to sell AMD to Bright Pearl, and that AMD was no longer liable—and all of the remaining claims in this lawsuit are "inextricably tied together" with Global Freight's non-contractual claims. *See, e.g., Dale K. Barker v. Sumrall*, 2012 WL 3613240, *2 (D. Utah Aug. 21, 2012) (citing *Brown v. David K. Richard & Co.*, 1999 UT App 109, ¶ 20, 978 P.2d 470). The pertinent facts related to the claims here are essentially the same. *See id.* *2 ("Thus, when 'proof of a compensable claim and ... noncompensable claim are closely related and require proof of the same facts, a successful party is entitled to recover its fees incurred in proving all of the related facts.'"). Global Freight is therefore entitled to recover all of its fees and costs as set forth in the Declaration of Jessica P. Wilde.

## CONCLUSION

For the reasons set forth above, the Court should award Global Freight fees and costs, through September 25, 2015, in the amount of $71,505.16 ($77,580.16 less $6,075), against AMD.

A Request to Submit for Decision is attached hereto as Exhibit C.

DATED this 20th day of October, 2015.

/s/ Jessica P. Wilde
James S. Lowrie
Jessica P. Wilde
Counsel for Plaintiff Global Freight Systems Co. W.L.L.

1210257.1

## ELECTRONIC CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of October, 2015, I caused the foregoing **REPLY MEMORANDUM IN SUPPORT OF GLOBAL FREIGHT SYSTEMS CO. W.L.L.'S VERIFICATION OF ITS ATTORNEY FEES AS SET FORTH IN THE DECLARATION OF JESSICA P. WILDE** to be served, via electronic filing, on the following:

> Gary Anderson
> Christian Hansen
> 595 South Riverwoods Parkway, Suite 100
> Logan, Utah 84321
> gary@hao-law.com
> christian@hao-law.com

*/s/ Jessica P. Wilde*

1210257.1