Gary N. Anderson (0088)
R. Christian Hansen (11449)
**HILLYARD ANDERSON & OLSEN, P.C.**
595 South Riverwoods Parkway, Suite 100
Logan, Utah 84321
Telephone:  (435) 752-2610
Facsimile:  (435) 753-8895
gary@hao-law.com
christian@hao-law.com

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL FREIGHT SYSTEMS CO. W.L.L., <br><br> Plaintiffs, <br><br> vs. <br><br> AL-MORRELL DEVELOPMENT, L.L.C. and PAUL A. MORRELL, <br><br> Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** <br><br><br><br><br><br> Case No.  1:14-cv-00133-TC <br> Honorable Tena Campbell |

Defendants Al-Morrell Development, L.L.C. ("AMD") and Paul A. Morrell ("Mr. Morrell") (collectively referred to as "Defendants"), for their Answer to the Amended Complaint filed by Plaintiff Global Freight Systems Co. W.L.L. (the "Amended Complaint") state and aver as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint and therefore deny the same.

2.      Defendants admit the allegations in paragraph 2 of the Amended Complaint.

3.      Defendants admit the allegations in paragraph 3 of the Amended Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Amended Complaint.

5.      Defendants state the allegations in paragraph 5 of the Amended Complaint are legal conclusions to which no response is required.  Defendants do not contest subject matter jurisdiction.

6.      Defendants state the allegations in paragraph 6 of the Amended Complaint are legal conclusions to which no response is required.  Defendants do not contest venue.

## GENERAL ALLEGATIONS

7.      Defendants deny the allegations in paragraph 7 of the Amended Complaint.

8.      Defendants admit the allegations in paragraph 8 of the Amended Complaint.

9.      Defendants admit the allegations in paragraph 9 of the Amended Complaint.

10.      Defendants admit the allegations in paragraph 10 of the Amended Complaint.

11.      Defendants admit the allegations in paragraph 11 of the Amended Complaint.

12.      Defendants admit the allegations in paragraph 12 of the Amended Complaint.

13.      Defendants admit the allegations in paragraph 13 of the Amended Complaint.

14.      Defendants admit the allegations in paragraph 14 of the Amended Complaint.

15.      Defendants admit the allegations in paragraph 15 of the Amended Complaint.

16.      Defendants deny the allegations in paragraph 16 of the Amended Complaint.

17.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and therefore deny the same.

18.      Defendants admit the allegations in paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Amended Complaint, but acknowledge the Order and Memorandum Decision entered by the Court on September 14, 2015 [*see* Dkt. 35] and the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

20.     Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Amended Complaint.

22.     Defendants admit the allegations in paragraph 22 of the Amended Complaint.

23.     Defendants admit the allegations in paragraph 23 of the Amended Complaint.

24.     Defendants state the allegations in paragraph 24 of the Amended Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied.

25.     Defendants admit the allegations in paragraph 25 of the Amended Complaint.

26.     Defendants admit the allegations in paragraph 26 of the Amended Complaint.

27.     Defendants state the allegations in paragraph 27 of the Amended Complaint refer to previous testimony from Mr. Morrell which speaks for itself.  Any mischaracterization of Mr. Morrell's previous testimony is denied.

28.     Defendants state the allegations in paragraph 28 of the Amended Complaint refer to previous testimony from Mr. Morrell which speaks for itself.  Any mischaracterization of Mr. Morrell's previous testimony is denied.

29.     Defendants state the allegations in paragraph 29 of the Amended Complaint refer to previous testimony from Mr. Morrell which speaks for itself.  Any mischaracterization of Mr. Morrell's previous testimony is denied.

30.     Defendants state the allegations in paragraph 30 of the Amended Complaint refer to previous testimony from Mr. Morrell which speaks for itself.  Any mischaracterization of Mr. Morrell's previous testimony is denied.

31.     Defendants admit the allegations in paragraph 31 of the Amended Complaint.

32.     Defendants admit AMD subsequently transferred to Mr. Morrell $3,000,000 but deny all other allegations in paragraph 32 of the Amended Complaint.

33.     Defendants admit the allegations in paragraph 33 of the Amended Complaint.

34.     Defendants admit that after the sale transaction in January 2012 the only asset that AMD owned was a receivable, but deny the value of the receivable was $6,000,000.  The remaining allegations in paragraph 34 of the Amended Complaint refer to previous testimony from Mr. Morrell which speaks for itself.  Any mischaracterization of Mr. Morrell's previous testimony is denied.

35.     Defendants admit the allegations in paragraph 35 of the Amended Complaint.

36.     The allegations in paragraph 35 of the Amended Complaint refer to previous testimony from Mr. Morrell which speaks for itself.  Any mischaracterization of Mr. Morrell's previous testimony is denied.

37.     Defendants admit the allegations in paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39.     Defendants admit the allegations in paragraph 39 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF
(Breach of Contract – AMD)

40.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-39 of their Answer.

41.     AMD states the allegations in paragraph 41 of the Amended Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied. The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  Defendants affirmatively state Plaintiff's claim for breach of contract against AMD is moot considering the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

42.     AMD states the allegations in paragraph 42 of the Amended Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied. The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  Defendants affirmatively state Plaintiff's claim for breach of contract against AMD is moot considering the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

43.     AMD states the allegations in paragraph 43 of the Amended Complaint refer to a written document which speaks for itself.  Any mischaracterization of the document is denied. The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  Defendants affirmatively state Plaintiff's claim for breach of contract against AMD is moot considering the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

44.     AMD denies the allegations in paragraph 44 of the Amended Complaint, but acknowledges the Order and Memorandum Decision entered by the Court on September 14, 2015 [*see* Dkt. 35] and the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73]. The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no

response is required from Mr. Morrell.  Defendants affirmatively state Plaintiff's claim for
breach of contract against AMD is moot considering the Final Judgment entered by the Court on
April 11, 2016 [*see* Dkt. 73].

45.     AMD denies the allegations in paragraph 45 of the Amended Complaint, but
acknowledges the Order and Memorandum Decision entered by the Court on September 14,
2015 [*see* Dkt. 35] and the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].
The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no
response is required from Mr. Morrell.  Defendants affirmatively state Plaintiff's claim for
breach of contract against AMD is moot considering the Final Judgment entered by the Court on
April 11, 2016 [*see* Dkt. 73].

46.     AMD admits that Mr. Morrell was contacted by an attorney for Global Freight
one time on its behalf making a demand for payment in 2012 but otherwise denies the allegations
in paragraph 46 of the Amended Complaint.  The allegations in the First Claim for Relief do not
state a claim against Mr. Morrell and no response is required from Mr. Morrell.  Defendants
affirmatively state Plaintiff's claim for breach of contract against AMD is moot considering the
Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

47.     AMD denies the allegations in paragraph 47 of the Amended Complaint, but
acknowledges the Order and Memorandum Decision entered by the Court on September 14,
2015 [*see* Dkt. 35] and the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].
The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no
response is required from Mr. Morrell.  Defendants affirmatively state Plaintiff's claim for

breach of contract against AMD is moot considering the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

48.    AMD denies the allegations in paragraph 48 of the Amended Complaint, but acknowledges the Order and Memorandum Decision entered by the Court on September 14, 2015 [*see* Dkt. 35] and the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73]. The allegations in the First Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  Defendants affirmatively state Plaintiff's claim for breach of contract against AMD is moot considering the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

49.    Defendants' deny the allegations in paragraph 49 of the Amended Complaint. Defendants affirmatively state Plaintiff's claim for breach of contract against AMD is moot considering the Final Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

**SECOND CLAIM FOR RELIEF**
(Unjust Enrichment – AMD)

50.    Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-49 of their Amended Answer.

51.    AMD denies the allegations in paragraph 51 of the Amended Complaint.  The allegations in the Fourth Claim for Relief do not state a claim against Mr. Morrell and no response is required from Mr. Morrell.  Defendants' affirmatively state Plaintiff's claim for unjust enrichment against AMD is moot considering the Court's order dismissing Plaintiff's claim for unjust enrichment entered April 11, 2016 [*See* Dkt. 74].

52.    AMD denies the allegations in paragraph 52 of the Amended Complaint.  The allegations in the Fourth Claim for Relief do not state a claim against Mr. Morrell and no

response is required from Mr. Morrell.  Defendants' affirmatively state Plaintiff's claim for unjust enrichment against AMD is moot considering the Court's order dismissing Plaintiff's claim for unjust enrichment entered April 11, 2016 [*See* Dkt. 74].

53.     Defendants' deny the allegations in paragraph 53 of the Amended Complaint. Defendants affirmatively state Plaintiff's claim for unjust enrichment against AMD is moot considering the Court's order dismissing Plaintiff's claim for unjust enrichment entered April 11, 2016 [*See* Dkt. 74].

### THIRD CLAIM FOR RELIEF
(Fraud – Paul Morrell)

54.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-53 of their Answer.

55.     Mr. Morrell denies the allegations in paragraph 55 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 55 of the Amended Complaint.

56.     Mr. Morrell denies the allegations in paragraph 56 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 56 of the Amended Complaint.

57.     Mr. Morrell denies the allegations in paragraph 57 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 57 of the Amended Complaint.

58.     Mr. Morrell denies the allegations in paragraph 58 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 58 of the Amended Complaint.

59.     Mr. Morrell denies the allegations in paragraph 59 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 59 of the Amended Complaint.

60.     Mr. Morrell denies the allegations in paragraph 60 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 60 of the Amended Complaint.

61.     Mr. Morrell denies the allegations in paragraph 61 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 61 of the Amended Complaint.

62.     Mr. Morrell denies the allegations in paragraph 62 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 62 of the Amended Complaint.

63.     Mr. Morrell denies the allegations in paragraph 63 of the Amended Complaint. The allegations in the Third Claim for Relief do not state a claim against AMD and no response

is required from AMD.  If a response is required from AMD, AMD denies the allegations in

paragraph 63 of the Amended Complaint.

WHEREFORE, having fully answered Plaintiff's Third Claim for Relief, Mr. Morrell

respectfully requests this Court dismiss Plaintiffs' Third Claim for Relief, with prejudice, and

award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in

defending this action, and all other relief this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
(Breach of Contract; Assumed Liability – Paul Morrell)

64.     Defendants re-allege and incorporate the allegations and responses set forth in

paragraphs 1-63 of their Answer.

65.     Mr. Morrell admits the allegations in paragraph 65 of the Amended Complaint.

The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response

is required from AMD.  If a response is required from AMD, AMD admits the allegations in

paragraph 65 of the Amended Complaint.

66.     Mr. Morrell denies the allegations in paragraph 66 of the Amended Complaint.

The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response

is required from AMD.  If a response is required from AMD, AMD denies the allegations in

paragraph 66 of the Amended Complaint.

67.     Mr. Morrell denies the allegations in paragraph 67 of the Amended Complaint.

The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response

is required from AMD.  If a response is required from AMD, AMD denies the allegations in

paragraph 67 of the Amended Complaint.

68.     Mr. Morrell denies the allegations in paragraph 68 of the Amended Complaint. The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 68 of the Amended Complaint.

69.     Mr. Morrell denies the allegations in paragraph 69 of the Amended Complaint. The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 69 of the Amended Complaint.

70.     Mr. Morrell denies the allegations in paragraph 70 of the Amended Complaint. The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 70 of the Amended Complaint.

71.     Mr. Morrell denies the allegations in paragraph 71 of the Amended Complaint. The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 71 of the Amended Complaint.

72.     Mr. Morrell denies the allegations in paragraph 72 of the Amended Complaint. The allegations in the Fourth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 72 of the Amended Complaint.

WHEREFORE, having fully answered Plaintiff's Fourth Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiff's Fourth Claim for Relief, with prejudice, and

award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(Personal Liability for Fraudulent Transfer – Paul Morrell)

73.    Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-72 of their Answer.

74.    Mr. Morrell denies the allegations in paragraph 74 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 75 of the Amended Complaint.

75.    Mr. Morrell admits that on January 1, 2012 AMD transferred its assets and liabilities to Bright Pearl but denies all other allegations in paragraph 75 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD admits that on January 1, 2012 AMD transferred its assets and liabilities to Bright Pearl but denies all other allegations in paragraph 75 of the Amended Complaint.

76.    Mr. Morrell denies the allegations in paragraph 76 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 76 of the Amended Complaint.

77.    Mr. Morrell denies the allegations in paragraph 77 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is

required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 77 of the Amended Complaint.

78.     Mr. Morrell denies the allegations in paragraph 78 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 78 of the Amended Complaint.

79.     Mr. Morrell denies the allegations in paragraph 79 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 79 of the Amended Complaint.

80.     Mr. Morrell denies the allegations in paragraph 80 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 80 of the Amended Complaint.

81.     Mr. Morrell denies the allegations in paragraph 81 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 81 of the Amended Complaint.

82.     Mr. Morrell denies the allegations in paragraph 82 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 82 of the Amended Complaint.

83.     Mr. Morrell denies the allegations in paragraph 83 of the Amended Complaint. The allegations in the Fifth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 83 of the Amended Complaint.

WHEREFORE, having fully answered Plaintiffs' Fifth Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiffs' Fifth Claim for Relief, with prejudice, and award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
(Fraudulent Transfer – Paul Morrell)

84.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-83 of their Answer.

85.     Mr. Morrell admits the allegations in paragraph 85 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD admits the allegations in paragraph 85 of the Amended Complaint.

86.     Mr. Morrell denies the allegations in paragraph 86 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 86 of the Amended Complaint.

87.     Mr. Morrell admits the allegations in paragraph 87 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response

is required from AMD.  If a response is required from AMD, AMD admits the allegations in paragraph 87 of the Amended Complaint.

88.     Mr. Morrell admits the allegations in paragraph 88 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD admits the allegations in paragraph 88 of the Amended Complaint.

89.     Mr. Morrell denies the allegations in paragraph 89 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 89 of the Amended Complaint.

90.     Mr. Morrell denies the allegations in paragraph 90 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 90 of the Amended Complaint.

91.     Mr. Morrell denies the allegations in paragraph 91 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 91 of the Amended Complaint.

92.     Mr. Morrell denies the allegations in paragraph 92 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 92 of the Amended Complaint.

93.     Mr. Morrell denies the allegations in paragraph 93 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 93 of the Amended Complaint.

94.     Mr. Morrell denies the allegations in paragraph 94 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 94 of the Amended Complaint.

95.     Mr. Morrell denies the allegations in paragraph 95 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 95 of the Amended Complaint.

96.     Mr. Morrell denies the allegations in paragraph 96 of the Amended Complaint. The allegations in the Sixth Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 96 of the Amended Complaint.

WHEREFORE, having fully answered Plaintiffs' Sixth Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiff's Sixth Claim for Relief, with prejudice, and award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
(Civil Conspiracy – Paul Morrell)

97.     Defendants re-allege and incorporate the allegations and responses set forth in paragraphs 1-96 of their Answer.

98.     Mr. Morrell denies the allegations in paragraph 98 of the Amended Complaint. The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 98 of the Amended Complaint.

99.     Mr. Morrell denies the allegations in paragraph 99 of the Amended Complaint. The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 99 of the Amended Complaint.

100.     Mr. Morrell denies the allegations in paragraph 100 of the Amended Complaint. The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 100 of the Amended Complaint.

101.     Mr. Morrell denies the allegations in paragraph 101 of the Amended Complaint. The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 101 of the Amended Complaint.

102.     Mr. Morrell denies the allegations in paragraph 102 of the Amended Complaint. The allegations in the Seventh Claim for Relief do not state a claim against AMD and no

response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 102 of the Amended Complaint.

103.    Mr. Morrell denies the allegations in paragraph 103 of the Amended Complaint. The allegations in the Seventh Claim for Relief do not state a claim against AMD and no response is required from AMD.  If a response is required from AMD, AMD denies the allegations in paragraph 103 of the Amended Complaint.

WHEREFORE, having fully answered Plaintiff's Seventh Claim for Relief, Mr. Morrell respectfully requests this Court dismiss Plaintiffs' Seventh Claim for Relief, with prejudice, and award judgment in favor of Mr. Morrell, along with Mr. Morrell's costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

### DEFENSES

1.    Defendants deny each and every allegation not specifically admitted herein.

2.    Plaintiff's Amended Complaint fails to state a claim for which relief can be granted.

3.    Plaintiff's Amended Complaint is barred by their own material breach and/or wrongful conduct regarding any contract and agreements.

4.    Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, latches, ratification, consent, unjust enrichment, accord, satisfaction, novation and release.

5.    Plaintiff's Amended Complaint is barred because Plaintiff did not suffer any damages.

6.      Plaintiff's Amended Complaint in whole or in part is barred by the statute of

frauds.

7.      Plaintiff's claim for fraudulent transfer is barred because the Bright Pearl Transfer

was made in good faith and for reasonably equivalent value.

8.      Plaintiff's Amended Complaint is barred by their own conduct, or the conduct of

their agents, representatives, and consultants.

9.      To the extent Plaintiff suffered damages, which Defendants deny, Plaintiff's

Amended Complaint is barred by Plaintiff's failure to mitigate any alleged damages.

10.      Plaintiff's claims based in fraud are barred because Plaintiffs have failed to plead

fraud with particularity.

11.      Plaintiff's claim for breach of contract against AMD is moot considering the Final

Judgment entered by the Court on April 11, 2016 [*see* Dkt. 73].

12.      Plaintiff's claim for unjust enrichment against AMD is moot considering the

Court's order dismissing Plaintiff's claim for unjust enrichment entered April 11, 2016 [*See* Dkt.

74].

13.      Plaintiff is not entitled to punitive damages as there is no evidence or allegations

to suggest the acts or omissions of the alleged tortfeasor are the result of willful or malicious or

intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference

toward, and a disregard of, the rights of others.

14.      Defendants reserve the right to assert additional defenses as this matter

progresses.

WHEREFORE, having fully answered the Amended Complaint, Defendants respectfully request this Court dismiss the Amended Complaint, with prejudice, and award judgment in favor of Defendants, along with Defendants' costs and attorneys' fees in defending this action, and all other relief this Court deems just and proper.

DATED the 13th day of May, 2016.

Respectfully submitted,

HILLYARD, ANDERSON & OLSEN, P.C.

/s/ R. Christian Hansen
Gary N. Anderson
R. Christian Hansen
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James S. Lowrie
George W. Pratt
Jessica P. Wilde
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101

ATTORNEYS FOR PLAINTIFFS

/s/ R. Christian Hansen